IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **CRIMINAL NO. 23-123-SAG** |
| **ROBERT KROP,** | * | |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| | ******* | |

**UNITED STATES'S RESPONSE IN OPPOSITION TO DEFENDANT'S MANDATORY MOTION TO DISMISS PURSUANT TO 18 U.S.C. § 3162(a)(2)**

The United States of America, by and through its undersigned attorneys, hereby submits this response to Defendant Robert Krop's Motion to Dismiss Pursuant to 18 U.S.C. § 3162(a)(2), ECF No. 31. The Defendant's motion is meritless and should be denied.

I.     BACKGROUND AND INTRODUCTION

1.     Co-Defendant Charles Jenkins, the Frederick County Sheriff, signed "law letters" on five (5) occasions over a seven (7) year period—in August and October 2015, in August 2016, in April 2018 and in March 2022—falsely claiming he was seeking demonstrations of machineguns by a local Federal Firearms Licensee (FFL), Defendant Robert Krop, the owner of a gun shop and firing range in Frederick County, Maryland, named The Machine Gun Nest. These letters claimed that the Defendant was considering purchasing the machineguns for use by the Frederick County Sheriff's Office when he was not. These letters were then submitted by Krop to the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) along with applications to acquire the machineguns referenced in the law letters. With the exception of the 2022 law letter, which the ATF found insufficient, the ATF approved all the applications for machineguns that

1

Krop caused to be submitted based on the Defendant's representations.

2.  Krop used these letters to import machineguns manufactured in Belgium and acquire machineguns manufactured in the United States that he would otherwise have been prohibited from obtaining. Once Krop had the guns, he rented them out to customers at The Machine Gun Nest generating significant revenue. In 2022, after Krop requested the last law letter, an employee of The Machine Gun Nest reached out to Jenkins and offered to support him politically in the upcoming election cycle.

3.  Despite having represented that they were being obtained for the express purpose of demonstrating their capabilities to law enforcement, no demonstrations to Jenkins or anyone in a position to purchase machineguns at the Frederick County Sheriff's Office ever occurred at The Machine Gun Nest. Emails from the Frederick County Sheriff's Office show that Krop drafted the law letters and asked Jenkins to submit them to him for subsequent submission to ATF. Jenkins told law enforcement in an interview that all of the charged letters had been submitted at Krop's request. Jenkins told law enforcement that he had done so to help Krop and his small business. Jenkins told the agents that at least one of the firearms, a belt-fed machinegun used in combat, would not be suitable for use in law enforcement and that he regretted signing the law letter that requested a demonstration of it.

4.  The creation of these fake law letters and their use to acquire machineguns by Krop to rent at his business forms the basis of four sets of charges in the Indictment: (1) conspiracy to defraud the United States by interfering with a government function, namely, the ATF's regulation of machineguns, and to violate federal law, specifically, 18 U.S.C. § 922(a)(6), which makes it a crime to make a false statement during the purchase of a firearm, 18 U.S.C. § 924(a)(1)(A), which makes it a crime to falsify certain records that FFLs are required to maintain, and 18 U.S.C. §

1001(a)(2), which makes it a crime to knowingly and willfully make false statements to an agency of the United States government, and 18 U.S.C. § 922(o) which makes it a crime to unlawfully possess a machinegun; (2) a substantive violation of 18 U.S.C. § 922(a)(6) for the 2018 law letter and the application to import a machinegun that was submitted using that law letter; (3) a substantive violation of 18 U.S.C. § 924(a)(1)(A) for the 2018 law letter and the application to import a machinegun that was submitted using that law letter; (4) two substantive violations of 18 U.S.C. § 1001(a)(2) for the 2018 law letter and the 2022 law letter; and (5) one count of illegally possessing machineguns that were identified in the law letters and recovered from The Machine Gun Nest when it was searched by federal law enforcement.

5. The counts in the Indictment are the following:

| DEFENDANT(S) | CT. | STATUTE | DESCRIPTION |
|---|---|---|---|
| Charles A. Jenkins<br>Robert J. Krop | 1 | 18 U.S.C. § 371 | Conspiracy to Defraud the United States |
| | 2 | 18 U.S.C. § 922(a)(6) | False statement during purchase of a firearm |
| | 3 | 18 U.S.C. § 924(a)(1)(A) | False statements in records FFLs are required to maintain |
| | 4 & 5 | 18 U.S.C. § 1001 | False statements to a federal agency |
| Robert J. Krop | 6 | 18 U.S.C. § 921(a)(23)<br>18 U.S.C. § 922(o)<br>26 U.S.C. § 5845(b) | Unlawful possession of machineguns |

**ARGUMENT**

**II.    There Has Been No Violation of the Speedy Trial Act**

6. Counsel for Defendant Krop moves to dismiss the Indictment in the case *sub judice* based on Krop's right to be tried within seventy days of either her initial appearance or indictment. The Speedy Trial Act, under 18 U.S.C. § 3161(c)(1) states in pertinent part:

3

> the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

There are, however, certain period delay that are excluded from the speedy trial calculation. One of those exclusions of time specifically involves pre-trial motions:

> (h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> … (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion … ."

18 U.S.C. 3161(h)(1)(D). The rule makes it abundantly clear that the time from when ***any pretrial motion*** is filed, through the disposition of that motion, is excluded from the speedy trial calculation. Regardless of whether a pretrial motion actually causes any specific type of delay, or delay to the trial, a court is required to exclude the time by the mere filing of the pretrial motion. *United States v. Tinklenberg*, 563 U.S. 647, 653 (2011). It is important to note a pretrial motion tolls the clock, regardless of whether it was Jenkins or Krop that filed the motion: "in cases involving multiple defendants only one speedy trial clock…need be calculated.'" *United States v. Walker*, 116 F.3d 1474, at *3 (4th Cir. June 30, 1997) (unpublished table op.) (quoting *United States v. Piteo*, 726 F.2d 50, 52 (2d Cir. 1984); *cf. Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986) ("All defendants who are joined for trial generally fall within the speedy trial computation of the last defendant."). As such, "'a delay attributable to any one defendant is

4

chargeable only to the single controlling clock.'" *Walker*, 116 F.3d 1474, at *3 (quoting *Piteo*, 726 F.2d at 52).

7. The grand jury returned an against Indictment both Mr. Krop and Mr. Jenkins on April 5, 2023. ECF No. 1. Mr. Krop's initial appearance on the Indictment occurred on April 13, 2023. ECF No. 8. The speedy trial clock started at the date of Krop's initial appearance, as it was the later of the dates between the indictment and the date the defendant appeared before a judicial officer. 18 U.S.C. § 3161(c)(1). The clock ran for 48 days before the first pre-trial motion was filed, which was a Motion to Exclude Time Pursuant to the Speedy Trial Act by Defendant Jenkins on May 24, 2023. ECF No. 48. From that point forward, there were a number of pretrial motions by both defendant in this matter which tolled the Speedy Trial Clock:

| **Date** | **ECF Docket Number** | **Event** | **Exclusion applying (pending motions)** | **Day Count** |
|---|---|---|---|---|
| 04/05/2023 | 1 | Indictment | No | 0 |
| 04/13/2023 | 8 | Initial Appearance as to Robert Krop | No | 1 |
| 05/24/2023 | 16 | Motion for Speedy Trial by Jenkins | Yes (ECF No. 16) | 48 |
| 05/30/2023 | 18 | Motion to Sever by Jenkins | Yes (ECF Nos. 16, 18) | 48 |
| 05/31/2023 | 20 | Motion for Speedy Trial by Krop and Omnibus Motion | Yes (ECF Nos. 16, 18, 20) | 48 |
| 6/27/2023 | 27/28 | *Order and Memorandum and Opinion Deferring in Part and Granting in Part Krop's Omnibus Motion (ECF No. 20)* | *Yes (ECF Nos. 16, 18, 20)* | 48 |
| 06/27/2023 | 29 | Rule 12(b)(3) and Rule 7(f) Omnibus Motion by Krop | Yes (ECF Nos. 16, 18, 20, 29) | 48 |
| 07/04/2023 | 31 | Motion to dismiss by Jenkins | Yes (ECF Nos. 16, 18, 20, 29, 31) | 48 |
| 07/18/2023 | 40 | *Order deferring Motion to Sever by Jenkins; Denying in part and* | *Yes* | *48* |

| | | | | |
|---|---|---|---|---|
| | | *deferring in part Krop's Omnibus Motion* | *(ECF Nos. 16, 18, 20, 29, 31)* | |
| 07/24/2023 | 41 | Motion to Modify Conditions of Release by Jenkins; | Yes (ECF Nos. 16, 18, 20, 29, 31, 41) | 48 |
| 07/24/2023 | 42 | Consent Motion to Modify Condition of Release by Krop | Yes (ECF Nos. 16, 18, 20, 29, 31, 41, 42) | 48 |
| 07/25/2023 | 45 | *Order granting Consent Motion to Modify Condition of Release by Krop* | Yes (ECF Nos. 16, 18, 20, 29, 31, 41) | 48 |
| 07/26/2023 | 48 | Order denying Jenkins' Motion to Amend Conditions of Release | Yes (ECF Nos. 16, 18, 20, 29, 31) | 48 |
| 07/28/2023 | 51 | Motion for Review of Release Order by Jenkins | Yes (ECF Nos. 16, 18, 20, 29, 31, 51) | 48 |
| 08/14/2023 | 62 | Motion for Disclosure of Grand Jury Minutes by Jenkins | Yes (ECF Nos. 16, 18, 20, 29, 31, 51, 62) | 48 |
| 08/15/2023 | 65 | Motion for Leave to File Second Motion to Dismiss by Krop | Yes (ECF Nos. 16, 29, 31, 51, 62, 65) | 48 |
| *08/30/2023* | *70* | *Order granting Defendants' Motion for Severance* | Yes (ECF Nos. 16, 18, 20, 29, 31, 51, 62, 65) | |
| *09/25/2023* | *76* | *Order Granting Jenkins's Motion for Speedy Trial (**Excluded Time Between April 14, 2023 and June 16, 2023**)* | Yes (ECF Nos. 29, 31, 51, 62, 65) | *0* |
| *09/26/2023* | *80* | *Order denying Jenkins' Motion for Review of Release Order* | Yes (ECF Nos. 29, 31, 62, 65) | *0* |
| *09/28/2023* | *83* | *Order denying Krop's Motion to File Second Motion to Dismiss* | Yes (ECF Nos. 31, 62) | *0* |
| 11/09/2023 | 92 | Motion to Dismiss Count 5 and Para 12.e of Count 1 by USA | Yes (ECF Nos. 31, 62, 92) | 0 |

| | | | | |
|---|---|---|---|---|
| *12/06/2023* | 96 | *Order denying Jenkins's Motion to Dismiss (both defendants); denying Jenkins's Motion for Grand Jury Minutes and Witness Testimony. Granting Government's Motion to Dismissed* | *No.* | *0* |
| 12/21/2023 | 98 | Motion for Docketing Revised Indictment by USA for both defendants | Yes (ECF No. 98) | 16 |
| 01/08/2024 | 105 | Motion to Exclude Time Pursuant to the Speedy Trial Act by USA for both defendants | Yes (ECF Nos. 98, 105) | 16 |
| *01/23/2024* | 108 | *Order Granting USA's Motion for Speed Trial exclusions for Jenkins; denying without prejudice for Krop.* | *Yes (ECF No. 98)* | *16* |
| 02/05/2024 | 110 | Motion for Leave to File Mandatory Motion to Dismiss Pursuant to 18 USC 3162(a)(2) for both defendants | Yes (ECF Nos. 98, 110) | 16 |
| 02/12/2024 | 112 | Order granting Motion for Leave to File mandatory Motion to Dismiss Pursuant to 18 USC 3162(a)(2) for Krop. | Yes (ECF Nos. 110) | 16 |
| 02/12/2024 | 113 | Mandatory Motion to Dismiss Pursuant to 18 USC 3162(a)(2) | Yes (98, 113) | 16 |
| 02/20/2024 | 114 | Order granting USA's Motion for Docketing Revised Indictment | Yes (113) | 16 |

After carefully reviewing all of the pretrial motions in this matter, there are 16 days on the Speedy Trial Clock. Pursuant to the Court's Order granting Jenkins' Motion for Speedy Trial filed on May 24, 2023 (ECF No. 16), time is excluded between April 14, 2023 and June 16, 2023. And since May 24, 2023, a pretrial motion was pending up until December 6, 2023, when the Court resolved all of the pending motions. Another motion was filed 16 days later when the Government moved to docket the revised Indictment, following the Court granting its Motion to Dismiss Count 5 and paragraph 12(e) of the Indictment. ECF No. 98. At this point in time, there are just sixteen days on the speedy trial clock. There is no speedy trial violation as to Mr. Krop as extensive amounts of time have been excluded due to the robust pretrial motions practice in this matter.

8. Counsel for Mr. Krop also argues that there was a speedy trial violation related to

the Revised Indictment the Government moved to Docket on December 21, 2023. *See* ECF No. 98. He argues specifically that the Government is in violation of 18 U.S.C. § 3161(b), which states in its entirety:

> Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

In this matter, a grand jury returned an Indictment against Mr. Krop on April 5, 2023. ECF No. 1. His initial appearance on the Indictment followed on April 13, 2023. ECF No. 8. Following extensive litigation related to motions to dismiss by Jenkins and Krop, the Government moved to dismiss Count 5 and paragraph 12(e) of Count of the Indictment. ECF No. 92. This Motion was granted by the Court. ECF No. 96. As a part of the Court's Order granting the Government's Motion to Dismiss, it ordered the Government to file a revised Indictment. *Id.* The Government did not seek new charges against either defendants Krop or Jenkins when it filed its revised Indictment, it merely followed the Court's Order in filing an indictment which redacted the portions that had been dismissed. As the Court stated in its Order, granting the Government's Motion to Docket the Revised Indictment and finding Krop's Opposition meritless:

> The proposed revisions in this case simply eliminate facts and allegations from the jury's consideration. The indictment still charges a conspiracy to interfere with government functions and to violate federal law regulating machineguns in Count One, with four remaining objects of the originally charged conspiracy. And the substantive charges in Counts Two, Three, Four, and Six remain unchanged in any respect. In this instance, the Government's decision not to pursue some of the charges the grand jury indicted benefits the defendants and creates no constitutional issue. There is simply no possibility that either accused will be tried or convicted of a crime other than those alleged by the grand jury in its indictment, because the original language remains intact.

8

ECF No. 114.  Simply put, there is no violation of 18 U.S.C. § 3161(b).

### III. CONCLUSION

For the foregoing reasons, the Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

Erek L. Barron<br>
United States Attorney

By:  /s/ *Christine Goo*
Christine Goo
P. Michael Cunningham
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that this filing was served on defense counsel via ECF electronic filing.

By: /s/
Christine Goo
Assistant United States Attorney