# The Cox Law Center, llc

P.O. Box 545
Emmitsburg, MD 21727
410.254.7000 (office); 410.254.7220 (facsimile)

Daniel L. Cox*
Attorney at Law

Thursday, May 23, 2024

**VIA ELECTRONIC MAIL**
**DELIVERY AND ECF**
The Honorable Stephanie Gallagher
United States District Judge
101 West Lombard Street
Baltimore, MD 21201
mdd_sagchambers@mdd.uscourts.gov
valerie_litzinger@mdd.uscourts.gov

Re:   Opposition to Government's Reconsideration of Order Delay Extension Request,
      USA v. Krop, 1:23-cr-00123

Dear Judge Gallagher:

Thank you for requesting, via e-mail, my client's position on Mr. Cunningham's letter (ECF 124) ("letter") dated May 21, 2024 requesting you reconsider your Order dated and docketed May 3, 2024 and alter the same for an extension of time for his "proper" evaluation.

I vigorously object on Mr. Krop's behalf for the following reasons.

On Tuesday this week, 18 days after entry of the Order of Dismissal (ECF 120)("Order") of May 3, 2024, Mr. Cunningham filed a prejudicial and late letter requesting additional time to consider re-indicting my client. Two days later, at 2:21pm today, this Court e-mailed the undersigned requesting a response if Mr. Krop opposes this late request to reconsider your Order.

Respectfully, there is not sufficient time nor knowledge of the issues presented to fully brief any such late-hour request so negatively impacting my client's rights, so I respectfully object to any process followed or required of my client outside the local rules of this Court, the Federal Rules of Criminal Procedure and the requisite applicable law.  Mr. Cunningham has not cited any good cause for relief whatsoever under any Federal Rule or statute.  My client pleads this as being inapposite to his rights of due process.

First, the Court's local rules are being violated by the government in its late letter.  Mr. Krop demands strict adherence to the same to preserve his rights. Any motion request to reconsider *any order* issued by the Court shall be filed "not later than fourteen (14) days after entry of the order." LR 105(10), LR 207(1)(U.S. District Court Local Rules, July 1, 2023).  <u>This was not done</u>.  The government has not even filed a motion - it filed a late letter request to reconsider the Order eighteen (18) days after the entry of the order.  There is no excusable neglect nor could there be any tolling or tacking of time.  (See FRCP 45(b)(1)(B) Extending Time).

Frederick | Hagerstown | Baltimore | Rockville | Bethesda | Silver Spring | Annapolis
*Admitted in Maryland.  Also admitted to the Fourth and Sixth Circuit Courts of Appeal and the Supreme Court of the United States

The Honorable Stephanie Gallagher
United States District Judge
May 23, 2024
Page 2 of 3

The Federal Rules of Criminal Procedure do not permit late altering of court orders by a letter, prejudicing the Defendant, as here.  ("a party applying to the court for an order must do so by motion," FRCP 47(a); "Extending Time.  In general.  When an act must or may be done within a specified period, the court…may extend the time…<u>for good cause</u>…on a party's <u>motion</u> made…," FRCP 45(b)(1)(B))(bold).  The judicial exception, *sua sponte*, does not apply here because the request originated from the government, is not timely, nor is it made with good cause and it will most certainly prejudice the Defendant egregiously and violate his due process.

Mr. Krop therefore vigorously opposes the government's improper request and demands strict adherence to the Rules of Procedure for any motion by the government to revise the Order.

Second, the reason for the dismissal was inclusive of the violation by the government through its willful delay of justice of my client's rights to a Speedy Trial.  This is no small matter.  Once again, it seeks to maliciously extend the pain and suffering my client is enduring all while knowingly and willfully having no lawful case to present against him.  And they seek to do this through delay.

Third, the grounds for delay the government cites are specious.  They knew or should have known weeks ago when this Court ordered their response by this Friday that they were going to be busy. Indeed, Mr. Cunningham states in his letter that this Court was also aware of the trial schedule. Yet, on information and belief, the government willfully misuses that fact just like they did last year when they refused to obey the law because they are allegedly continuing to conspire to place my client – and the severed defendant - on trial rather than do the right thing and drop the case.

Fourth, the statute the government cites for an extension is speciously cited and without actual evidentiary or legal support.  At no time has the government presented, including since it moved to dismiss Count Five and part of Count One last November 2023, *any* evidence supporting *any* crime – more less within any statute of limitations against my client.  The government, by its own admission, has had months upon end to reconsider its errors and it did nothing.

Lastly, the final reason presented by the government for the requested delay to this Court's Order from nearly three weeks ago is alleged that another extension: "would afford the government sufficient time to properly evaluate this matter and, if appropriate, present it to the grand jury for consideration."  This averment is self-serving and reveals once again the fishing expedition the government is taking with my client's constitutional rights.  They have no case.  Instead, they are trying to find a way, on information and belief, to save whatever deal they may have made with a former co-defendant.  For instance, pursuant to the Speedy Trial Act of 1974 the government may not argue it has not had sufficient time to properly evaluate this matter, since it evaluated it greatly beyond the 70-day legal limits and found itself wanting and in violation of my client's rights thereunder.

The Honorable Stephanie Gallagher
United States District Judge
May 23, 2024
Page 3 of 3

Having spent over two weeks and nearly five days of the Ordered three-week deadline, the government may not now claim that it has not had appropriate time provided by this Court, particularly when it is requesting the time because Mr. Cunningham's co-counsel has been "preparing for a trial" in another matter. There is nothing written by Mr. Cunningham about his own schedule and nothing averred by Ms. Goo about hers, thus the averment is questioned as bad faith and malicious. Once again, Mr. Krop's constitutional and statutory rights are being asked to be held in jeopardy because of the government's gross negligence.

The letter request of the government to extend time, which time they will use to continue to search for fake criminal charges against Mr. Krop, is vigorously opposed and must not be considered by this Court as it has no support under any Rule of procedure or justice.

Very truly yours,

Daniel L. Cox

Cc: file; client
   Mr. Michael Cunningham, Esq.