## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  23-cr-0123-SAG** |
| | * | |
| **ROBERT JUSTIN KROP,** | * | |
| | * | |
| | * | |
| | ******* | |

## GOVERNMENT RESPONSE IN PARTIAL
## OPPOSITION TO MOTION FOR APPROPRIATE RELIEF

The United States, through its undersigned counsel, responds in partial opposition to Robert Krop's Motion for Appropriate Relief, ECF 121.[1]  Specifically, the Government opposes the relief requested in paragraph 5 of Krop's motion, to wit: that this court "order the [Bureau of Alcohol, Tobacco, Firearms & Explosives ("ATF")] ATF and the U.S. Attorney to return . . . seized assets."  Otherwise, the Government does not oppose the relief requested, particularly with respect to the return of Krop's passport.[2]

First, the firearms and other evidence seized from Krop and/or his business, The Machine Gun Nest ("TMGN"), are evidence in *United States v. Jenkins,* 23-cr-0123-SAG.  Second, and more significantly as to Krop, they remain evidence against him subject to his reindictment and are in that event subject to a forfeiture count in said indictment.  And, third, independent of whether Krop is guilty of criminal conduct related to the machineguns and regulated firearm seized from

---

[1] It is not clear given that the indictment against Krop has been dismissed, whether filing this motion in a criminal case in which he is no longer a party is the proper vehicle by which to petition the court but, in the interest of expediency, the Government is responding in this matter.

[2] With regard to the charges that were dismissed by this Court without prejudice, the government intends to seek a new indictment against Krop, and remains hopeful a trial can still proceed as previously scheduled.

him and his business, ATF has determined that these weapons were not permitted to be possessed by Krop and/or TMGN.   In short, in accordance with ATF laws and regulations respecting machineguns and other regulated firearms, irrespective of how he came to be in possession of them initially, Krop and/or TMGN is not lawfully entitled to be in possession of those firearms at this time.

Accordingly, this court should deny Krop's motion with respect to the items identified in paragraph 4 of ECF 121 as requested in paragraph 5 of the same pleading.

Very truly yours,

Eric L. Barron
United States Attorney

/ss/
By: _____
Christine Goo
P. Michael Cunningham
Assistant United States Attorneys