IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| v. | * | Crim. Case No.: SAG-23-123 |
| | * | |
| **ROBERT KROP,** *et al.,* | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## **ORDER**

On May 3, 2024, after dismissing the charges against Defendant Robert Krop without prejudice following a violation of the Speedy Trial Act, this Court entered an order stating:

> This Court will hold the existing trial dates on its calendar for three weeks, during which time the Government is ORDERED to either (1) refile charges against Defendant Krop or (2) advise this Court that it does not intend to refile charges.

ECF 120. On May 21, 2024, Government counsel wrote a letter in which it stated:

> The government respectfully requests one (1) additional week to respond to the Court, and further requests that during that additional week, you continue to hold the dates reserved for the trial of Mr. Krop as scheduled.
>
> In support of this request, the government notes that undersigned counsel is currently preparing for trial and, as the court knows, Ms. Goo, the lead counsel for the government, has been in trial since May 13, 2024, and prior to that she was heavily engaged in trial preparation . . . The requested one-week extension would afford the government sufficient time to properly evaluate this matter and, if appropriate, present it to the grand jury for consideration.

ECF 124. The Government's letter did not note whether the Government had sought consent from Mr. Krop's counsel before making this request. The letter also was not filed as a motion and did not attach a proposed order, as required by the Local Rules of this Court for filing motions. *See* Loc. R. 105.1 (D. Md. 2023).

On May 23, 2024, this Court's chambers, by email, asked for a response from Mr. Krop's counsel. In his letter response, Mr. Krop's counsel correctly notes that pursuant to Federal Rule of

Criminal Procedure 45(b)(1)(B), this Court can extend time "on a party's motion made" upon a showing of "good cause." ECF 125 at 2. Here, no motion has been made by the Government. Moreover, the facts in the Government's letter cannot amount to good cause in a case involving a defendant's assertion of speedy trial rights. The fact that the Assistant United States Attorneys assigned to this case had trial obligations in other cases would have been well-known as of the entry of this Court's order on May 3, 2024. Other arrangements could have been made to ensure compliance with the three-week timetable in the Court's order. Thus, it is this 24th day of May, 2024, ORDERED that pursuant to Federal Rule of Criminal Procedure 45(b)(1)(B), the Government's informal request for a one-week extension of time is DENIED.

                                                        /s/
                                            Stephanie A. Gallagher
                                            United States District Judge